UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ZAYDA RAZON, *et al.*, ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO. 2:16-CV-441-RL-JEM |
| ) | |
| DAKSHA VYAS, ) | |
|     Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Joint Motion to Submit Confidential Settlement Agreement under Seal [DE 30], filed by the parties on June 9, 2017.

Plaintiffs' Complaint alleges claims for, among other things, minimum wage and overtime violations under the Fair Labor Standards Act, so any settlement must be approved by the Court. *See* 29 U.S.C. § 216(c). The parties have submitted to the Court their Confidential General Release and Settlement Agreement [DE 35] in hopes of receiving the required approval, and they now request that the Court maintain the Agreement under seal.

"What happens in the federal courts is presumptively open to public scrutiny." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). "The public has a legitimate interest in the record compiled in a legal proceeding because the public pays for the courts," but this interest may be overridden "if there is good cause for sealing part of the record." *Forst v. Smithkline Beecham Corp.*, 602 F. Supp. 2d 960, 974 (E.D. Wis. 2009) (citing *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944-45 (7th Cir. 1999)). "Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification" by the Court. *Hicklin*, 439 F.3d at 348. Moreover, "good cause does not extend to those portions of the records so relevant to plaintiff's claim that they have been

cited or quoted by the parties or the court in other documents." *Chapman v. Raemisch*, No. 05-C-1254, 2009 WL 425813, at *7, (E.D. Wis. Feb. 20, 2009).

Northern District of Indiana Local Rule 5-3 provides, "The clerk may not maintain a filing under seal unless authorized to do so by statute, court rule, or court order." N.D. Ind. L.R. 5-3(a). A motion to file documents under seal must justify the claim of secrecy, analyzing the applicable legal criteria. *Citizens First*, 178 F.3d at 945; *see also, e.g., Cnty Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007); *Baxter Int'l v. Abbott Lab.*, 297 F.3d 544, 547 (7th Cir. 2002); *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). The "decision of whether good cause to file a document under seal rests solely with the Court." *Swarthout v. Ryla Teleservices, Inc.*, No. 4:11-CV-21, 2012 WL 5361756, at *2 (N.D. Ind. Oct. 30, 2012).

The parties argue that "confidentiality is a material term in the parties' Confidential General Release and Settlement Agreement, which the parties would have otherwise executed as a private, confidential settlement agreement," so the Agreement should be maintained under seal on the docket. This argument, however, does not address why the parties' need for secrecy in this case outweighs the presumption that all court filings are public. *Forst*, 602 F. Supp. 2d at 974."[T]he mere fact that [a] settlement agreement contains a confidentiality provision is an insufficient interest to overcome the presumption that an approved FLSA settlement agreement is a judicial record, open to the public," and courts have "roundly rejected" any argument to the contrary. *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 338 (S.D.N.Y 2012) (internal quotation marks and citations omitted); *see also Baker v. Dolgencorp, Inc.*, 818 F. Supp. 2d 940, 942-45 (E.D. Va. Jan. 19, 2011); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1245 (M.D. Fla. 2010); *Hens v. ClientLogic Operating Corp.*, No. 05-CV381S, 2010 WL 4340919, at *1-3 (W.D.N.Y. Nov. 2, 2010); *Hanson*

*v. Wells Fargo Bank, N.A.*, 2009 WL 1490582, at *1 (S.D. Fla. May 26, 2009); *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263-64 (M.D. Ala. 2003).

The parties appear to believe that any FLSA settlement agreement containing a confidentiality provision can and must be maintained on the docket under seal, and cite cases in which the settlement agreement was maintained under seal. *See, e.g.*, *Allen v. Payday Loan Store of Ind., Inc.*, 2:13-CV-262, 2015 WL 11121539, at *1 (N.D. Ind. 2015); *Swarthout*, 2012 WL 5361756, at *3. However, the United States Court of Appeals for the Seventh Circuit has not held that FLSA cases are excepted from the standard balance-of-interests test described above. To the contrary, the purpose of the Court-approval rule in FLSA cases is to "prevent consenting adults from transacting about minimum wages and overtime pay." *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). "Once the [FLSA] makes it impossible to agree on the amount of pay, it is necessary to ban private settlements of disputes about pay. Otherwise the parties' ability to settle disputes would allow them to establish sub-minimum wages." *Id*. Nothing about this court-approval requirement prompts a blanket rule in favor of seal – quite the opposite. The presumption of public access is especially important in overtime and minimum-wage cases where the Court prevents litigants from contracting around the FLSA – the parties' private dispute is imbued with public's interest in appropriate wage payments. *Tran v. Thai*, No. H-08-3650, 2009 WL 2477653, at *1 (S.D. Tex. Aug. 12, 2009) (citing *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003)). This is exactly why the "strong presumption" in favor of public access exists: court records "often concern issues in which the public has an interest, in which event concealing the records disserves the values protected by the free-speech and free-press clauses of the First Amendment." *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002).

In this case, the existence of a confidentiality provision in the parties' Agreement is not, by itself, justification enough to overcome the strong presumption of public access. *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 647 (S.D.N.Y. 2011) ("Therefore, this Court joins the overwhelming consensus of district courts that have considered the issue to hold that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access.") (collecting cases).

Consistent with the foregoing discussion, the Court **TAKES UNDER ADVISEMENT** the Joint Motion to Submit Confidential Settlement Agreement under Seal [DE 30] and **ORDERS** the parties to file a brief by no later than **June 21, 2017**, detailing why the Agreement should be maintained under seal despite the strong presumption that court filings remain public.

The Court **DIRECTS** the Clerk of Court to maintain the Confidential General Release and Settlement Agreement [DE 35] under **SEAL** until further order of the Court. If the parties do not file a brief sufficiently justifying why the Agreement should be maintained under seal by June 21, the Court will remove the seal so that this case may proceed with the appropriate approval process.

SO ORDERED this 14th day of June, 2017.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:   All counsel of record