THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ZAYDA RAZON, MICHAELA RICE, CANDACE HILL, GWENELL WHITE | ) ) ) |
| **Plaintiffs,** | ) ) |
| vs. | ) )  Cause No. 2:16-cv-441 ) |
| DAKSHA VYAS, M.D., | ) ) |
| **Defendant.** | ) |

### JOINT BRIEF IN SUPPORT OF MOTION TO SEAL
### CONFIDENTIAL SETTLEMENT AGREEMENT

The parties, by their respective counsel respectfully submit their brief in support of their motion to seal confidential settlement agreement.

The Supreme Court has recognized a "common law right of access" to judicial records in *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). *U.S. v. Corbitt*, 879 F.2d 224, 228 (7th Cir.,1989). "This right of access establishes, as a general matter, that court files should be open to the public for inspection and copying. However, the Court observed that the 'common law right of access' is a flexible concept, which allows the district court to deny access where its records would be used for 'improper purposes'; specifically, the discretionary decision whether to release judicial records should be informed by a 'sensitive appreciation of the circumstances that led to ... the production of the particular document in question.'" *Corbitt*, 879 F.2d at 228 *citing Nixon*, 435 U.S. at. 602-03, 98 and *United States v. Edwards,* 672 F.2d 1289, 1293 (7th Cir.1982).

This case involves the medical practice of Dr. Vyas, a neurologist, who works as a solo practitioner. Her office staff filed a four count complaint against her; the first count asserts a

1

claim under the FLSA, Count II asserts an intentional infliction of emotional distress claim, Count III a battery claim, and Count IV makes a claim under ERISA. The parties negotiated a comprehensive, confidential settlement agreement addressing all four claims.

The parties recognize and acknowledge the Court's concern regarding their request to seal the confidential settlement agreement and that "the existence of a confidentiality provision in the parties' Agreement is not, by itself, justification enough to overcome the strong presumption of public access." [Dkt 36, Opinion and Order of June 14, 2017, p.4]. If this case was limited to the FLSA claim, the parties acknowledge that sealing the agreement might not be justified. However, the settlement at issue involves all of plaintiffs' claims, including plaintiffs' ERISA claim and state law claims, the resolutions of which include individual plaintiff's financial information, and common law tort claims which are routinely resolved by a private and confidential settlement agreement. The agreement in principle for a global resolution of all disputes came to fruition after hours of negotiation, only after the parties agreed to a confidential settlement and general release. The parties respectfully submit that a weighing of the interests in this particular case supports sealing the confidential settlement agreement.

> **A. Plaintiffs should not be required to publicly file their individual financial information regarding their interests in the Keogh plan.**

"Good cause may exist if the documents are sealed in order to maintain the confidentiality of . . . non-public financial and business information." *Swarthout v. Ryla Teleservices, Inc.,* 2012 WL 5361756, at *2 (N.D.Ind. 2012) c*iting Baxter Int' l v. Ryla Teleservices, Inc.,* 297 F.3d 5 at 544, 546 (7th Cir. 2002) and *Metavante Corp. v. Emigrant Sav. Bank,* No. 05–CV01221, 2008 WL 4722336, at *9–10 (E.D.Wis. Oct. 24, 2008). As part of

their settlement agreement, the parties have addressed and resolved the plaintiffs' claims regarding each plaintiff's interests in the Keogh plan, the amounts each employee is entitled to under the plan, and how those funds should be handled. All of this information is part of the Confidential General Release and Settlement Agreement. The resolution of the plaintiffs' ERISA claims does not require court approval and would typically be resolved by a private settlement agreement.

More recently, the courts have recognized a compelling interest for privacy protection. Under Fed.R.Civ.Pro. 5.2(a), a party is not only authorized but compelled to redact certain information regarding an individual's personal information, including social security number, date of birth or financial account numbers. This rule also gives the court discretion to order "a filing be made under seal without redaction." FRCP 5.2(d). Although an individual employee's financial information under a Keogh plan is not specifically designated, the commentary to the rule provides guidance that "[i]t may also be necessary to protect information not covered by the redaction requirements-- such as driver's license number and alien registration numbers—in a particular case." FRCP 5.2 committee notes on rules—2007. In those instances, the rule counsels that "protection may be sought under subdivision (d) or (e)" which provides for a filing under seal without redaction. The individual plaintiff's personal financial information is not a matter of public concern, nor does it invoke a public interest. It is "self-evident" that personal financial records "are something almost all persons would prefer to keep private." Indiana has recognized under Trial Rule 26 (C), the parallel to FRCP 26(c), that good cause exists for entry of a protective order regarding an individual's personal financial information. *Estate of Lee ex rel. McGarrah v. Lee & Urbahns Co.*, 876 N.E.2d 361, 369 (Ind.Ct.App. 2007).

B. **Confidential settlement of plaintiffs' common law tort claims promotes the efficient administration of justice and protects against unwarranted embarrassment**

"Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598. *Nixon* noted that "the common-law right of inspection has bowed before the power of a court to insure that its records are not 'used to gratify private spite or promote public scandal' through the publication of "the painful and sometimes disgusting details" of a case. Similarly, courts have "refused to permit their files to serve as reservoirs of libelous statements for press consumption. . . ." *Id.*

Plaintiffs have made provocative allegations about Dr. Vyas personally, which Dr. Vyas vehemently denies. After lengthy settlement discussions, the parties made the business decision that resolving all of the claims against her early in litigation by way of a confidential settlement agreement was in the best interests of everyone involved. Litigating these contentions would have destroyed the parties' ability to work together, and further publication of these allegations may jeopardize the reputation and business of the practice, which all parties rely upon for their livelihood. Faced with these economic perils, both sides made the decision to settle all claims confidentially, rather than incur the costs, both economic and reputational, and potential public scrutiny and scorn that might arise from pursuing this case. As with the ERISA claim, there is no common law or Constitutional right of the public to inspect a settlement of the tort claims the plaintiffs here bring, and they are typically resolved by confidential settlement agreement. Publishing the confidential settlement agreement because of the companion FLSA claim would undermine the very considerations that made the settlement possible in the first place.

### C. The publication of the settlement agreement provides limited value to the public in this case.

"[T]he Fair Labor Standards Act is designed to prevent consenting adults from transacting about minimum wages and overtime pay." *Walton v. United Consumers Club, Inc.,* 786 F.2d 303, 306 (7th Cir.1986). "The court must review settlements because there is a fear that employers would coerce employees into settlement and waiver of their claims." *Burkholder v. City of Ft. Wayne*, 750 F.Supp.2d 990, 995 (N.D.Ind.,2010). To determine the fairness of a settlement under the FLSA, the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.' *Id.*

The plaintiffs allege in their complaint that each plaintiff earns between $16.00 and $21.00/ hr, (Dkt.1 Complaint, ¶40, 41, 42 and 43), more than double the minimum wage. The factual dispute presented was whether any of the plaintiffs actually worked more than 40 hours per week. All parties agreed that office hours began around 2:00 p.m. and would conclude between 5:00 p.m. and 7:00 p.m. Dr. Vyas would round at the hospital in the morning, and come to the office around 2:00 p.m. for office hours. Although the plaintiffs' timesheets reflect they routinely worked 40 hours per week, the plaintiffs contend they actually worked more hours before Dr. Vyas arrived. How this factual issue might have resolved in litigation is unknown, however, approving the parties' settlement agreement does not provide any public guidance in FLSA standards or assurance that an employer is not contracting around the statutory requirements.

The parties have set forth in detail the extensive efforts each side took to evaluate the claim, the adversarial nature of the proceedings, and what each party did to ensure a fair compromise. All of the details of the process are set forth in a joint motion to approve that is

accessible to the public. [Dkt 34]. The motion provides sufficient public disclosure to ensure that approval of the confidential settlement agreement comports with the public's sense of justice and that the Court has fulfilled its responsibility of ensuring that the parties have complied with the requirements of the FLSA.

      **D.    Confidentiality advances compelling interests of promoting settlement and efficient use of judicial resources.**

"To be sure, sealing official documents should not be done without a compelling reason." *City of Hartford v. Chase*, 942 F.2d 130, 135 (2nd Cir.1991). However, the Court may also take notice of the context of agreements calling for entry of settlements, the "larger role" the court plays in the resolution of the case and how the case and settlement affect the public interest. *City of Hartford*, 942 F.2d at 136. "Where a case is complex and expensive, and resolution of the case will benefit the public, the public has a strong interest in settlement. The trial court must protect the public interest, as well as the interests of the parties, by encouraging the most fair and efficient resolution. This includes giving the parties ample opportunity to settle the case." *U.S. v. Glens Falls Newspapers, Inc.,* 160 F.3d 853, 856–57 ( 2nd Cir. 1998)( holding "[t]he need for a fair and efficient resolution through settlement of this complex, expensive, ten-year-old case of great public importance far outweighs the negligent presumption of access to settlement materials.") In this case, as in *City of Hartford*, "confidentiality was a prerequisite to the parties' decision to settle their dispute." Approval of a confidentiality order is appropriate under these circumstances, when the Court has paid careful and particularized scrutiny to facilitating a confidential settlement. *Id.*

**Conclusion**

A balancing of the interests supports the parties' joint request to seal the confidential general release and settlement agreement. The majority of the claims presented do not require Court approval, and those claims are routinely settled by confidential agreement. Further, sealing the Confidential General Release and Settlement Agreement protects the plaintiffs' individual financial information in the Keogh plan, guards against unwarranted embarrassment, and promotes the early settlement of this case and efficient use of judicial resources. The publicly available filings provide reasonable assurance to the public that the parties have complied with the statutory requirements of the FLSA and that the Court has fulfilled its role.

Respectfully Submitted

| **EICHHORN & EICHHORN, LLP** | **LAW OFFICE OF ROBIN REMLEY, LLC** |
|---|---|
| By: /s/ David J. Beach<br>David J. Beach<br>Attorney for Defendant<br>EICHHORN & EICHHORN, LLP<br>Attorneys at Law<br>200 Russell Street<br>P.O. Box 6328<br>Hammond, IN 46328 | By: /s/ Robin Remley<br>Robin Remley<br>Attorney for Plaintiffs<br>Law Office of Robin Remley, LLC<br>270 N. Main St., Suite A<br>Crown Point, IN 46307 |