**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| ZAYDA RAZON, *et al.*, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO. 2:16-CV-441-RL-JEM |
| ) | |
| DAKSHA VYAS, ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Joint Motion to Submit Confidential Settlement Agreement under Seal [DE 30], filed by the parties on June 9, 2017. The Court took the motion under advisement on June 14, 2017 [DE 36], and the parties filed a Joint Brief in Support of Motion to Seal Confidential Settlement Agreement [DE 38] on June 21, 2017.

Plaintiffs' Complaint alleges claims for, among other things, minimum wage and overtime violations under the Fair Labor Standards Act ("FLSA"), so any settlement must be approved by the Court. *See* 29 U.S.C. § 216(c). The parties have submitted to the Court their Confidential General Release and Settlement Agreement (the "Settlement Agreement") [DE 35] in hopes of receiving the required approval, and they now request that the Court maintain that agreement under seal.

Northern District of Indiana Local Rule 5-3 provides, "The clerk may not maintain a filing under seal unless authorized to do so by statute, court rule, or court order." N.D. Ind. L.R. 5-3(a). The "decision of whether good cause to file a document under seal rests solely with the Court," *Swarthout v. Ryla Teleservices, Inc.*, No. 4:11-CV-21, 2012 WL 5361756, at *2 (N.D. Ind. Oct. 30, 2012), which functions as "the primary representative of the public interest in the judicial process." *Citizens First Nat.'l Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943, 945 (7th Cir. 1999). The

Court "may not rubber stamp a stipulation" to seal portions of the record without a finding of good cause. *Id.*

"What happens in the federal courts is presumptively open to public scrutiny." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) *(abrogated on other grounds by Americold Realty Trust v. Conagra Foods*, 136 S. Ct. 1012 (2016)). This "strong presumption" in favor of public access exists both because the public pays for the courts and court records "often concern issues in which the public has an interest." *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002). "Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification" by the Court. *Hicklin*, 439 F.3d at 348. However, the interest may be overridden "if there is good cause for sealing part of the record." *Forst v. Smithkline Beecham Corp.*, 602 F. Supp. 2d 960, 974 (E.D. Wis. 2009) (citing *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944-45 (7th Cir. 1999)).

The terms of private settlement agreements are rarely made public "because without any court action. . . making them public would not reveal anything about judicial activity." *Goesel v. Boley Intern. (H.K.) Ltd.,* 738 F.3d 831, 834 (7th Cir. 2014). But where a Court has subject a settlement agreement to approval, disapproval, or approval with modifications, the terms "are of public interest," and thus subject to the presumption of disclosure. *Id.; Jessup v. Luther,* 277 F.3d at 929 ("The public has an interest in knowing what terms of settlement a federal judge would approve."). The presumption of public access is especially important in FLSA cases where court approval is required to prevent from contracting around laws governing minimum wages and overtime pay. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) ("Courts therefore have refused to enforce wholly private [FLSA] settlements."); *Metzger v. Auto*

2

*Rescue of MKE, LLC,* No. 15-CV-967, 2016 WL 7839154 at *(E.D. Wisc. July 11, 2016) ("Court approval of FLSA settlements. . . is the norm across most circuits, including the Seventh."). In such cases, the public interest in assuring fair wages favors a strong presumption of disclosure, requiring "an eminently compelling reason" why sealing of the settlement would be permissible. *Adams v. Walgreen Co.,* No. 14-CV-1298-JPS, 2015 WL4067752 at *4 (E.D. Wisc. July 2, 2015); *see also Stalnaker v. Novar Corp.,* 293 F. Supp. 2d 1260, 1264 (M.D. Alabama 2003) (finding that the "private-public character" of employee rights under the FLSA favors a strong presumption of disclosure); *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 647 (S.D.N.Y. 2011) ("Therefore, this Court joins the overwhelming consensus of district courts that have considered the issue to hold that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access.") (collecting cases).

The presumption that judicial records are open can be overcome only for good cause, such as maintaining the confidentiality of trade secrets and documents protected by the attorney-client privilege, protecting the identities of confidential informants or of minors, or preserving the integrity of other pending proceedings. *See Jessup v. Luther,* 277 F.3d at 928; *compare Goesel,* 348 F.3d at 832–833 (the parties' agreement to keep the settlement amount secret did not justify sealing a court-approved settlement agreement) *with Baxter Int'l v, Abbott Labs.,* 297 F.3d 544, 546 (sealing of FLSA settlement was appropriate where disclosure would influence multiple other similar claims then being pursued against defendant.).

In their brief, the parties offer four arguments that good cause exists to seal the Settlement Agreement in this matter. First, they assert that the Settlement Agreement must be sealed to maintain the confidentiality of Plaintiffs' non-public financial information, particularly their monetary

3

interests in retirement plans. But even non-public financial information becomes public when it "affects the disposition" of litigation. *Huntington Nat'l. Bank v. Greenwood Place, LP,* No. 1:09-cv-1110, 2012 WL 729473 (S.D. Ind. Mar. 6, 2012) (citing *In re Specht,* 622 F.3d 697, 701 (7th Cir. 2010.)) Notably, the Settlement Agreement contains no social security numbers, dates of birth, financial account numbers, or personal identification numbers that would require redaction under the Federal Rule that the parties cite to support their argument. *See* Fed. R. Civ. Pro. 5.2(a). The parties have not demonstrated that revealing the monetary terms of the Settlement Agreement, including the retirement account balances, will jeopardize the security of any party's identity. Nor did they request that the Court redact just the account balances from the otherwise public Settlement Agreement, as they might have done if their chief concern lay in protecting that information.

The parties' second argument is that publication of the Settlement Agreement in this dispute would embarrass Defendant and cause economic and reputational damage to the business upon which all of the parties still rely for their livelihoods. This argument fails for two reasons. First, the potential for reputational damage is not sufficient cause to keep a document under seal. *See U.S. v. Foster,* 564 F.3d 852, 855 (7th Cir. 2009); *Huntington Nat'l. Bank*, 2012 WL 729473 at *2 ("Nonetheless, potential embarrassment is not a good reason for a taxpayer-funded branch of the government to conceal something from the public eye."); *see also United Auto Ins. Co. v. Veluchamy,* No. 09 C 5487, 2010 WL 889980 at *1, n. 1 (N.D. Ill. Mar. 11, 2010) (concluding that parties' argument that a fact should be sealed "because it may affect in some way the defendant's standing in the community or affect his business. . . would be a non-starter.") Second, "good cause [for sealing a document] does not extend to those portions of the records so relevant to plaintiff's claim that they have been cited or quoted by the parties or the court in other documents." *Chapman*

4

*v. Raemisch*, No. 05-C-1254, 2009 WL 425813, at *7 (E.D. Wis. Feb. 20, 2009). The sensitive allegations in the Complaint are already a matter of public record, and the parties have identified no additional information in the Settlement Agreement which requires special protection on this ground.

The parties also argue that the Court should maintain the confidentiality of the Settlement Agreement because confidentiality is a material term, and maintaining confidentiality would promote future settlements and ensure efficient use of judicial resources. Courts have routinely rejected this reasoning as applied to agreements that are subject to court approval, instead weighing the interests of the public more heavily than the parties' desires to keep the terms secret. *Goesel,* 348 F.3d at 835; *Jessup,* 277 F.3d 926 at 929.

Finally, the parties assert that the publication of the Settlement Agreement "provides limited value to the public" because factual issues related to the case remain unresolved. But, as discussed above, the weight of precedent favors public disclosure of any court-ordered settlement agreement. It is not the job of the Court to determine what information in this Settlement Agreement might be of use to the public; it is the task of the parties to present "good cause" to overcome the presumption. This they have not done.

Accordingly, the Court hereby **DENIES** the Joint Motion to Seal Confidential Settlement Agreement [DE 30] and **GIVES LEAVE** to the parties to withdraw their Joint Motion to Approve Confidential General Release and Settlement Agreement on or before **July 14, 2017**. If they do not do so, the Court will rule on the Joint Motion to Approve the Confidential General Release and Settlement Agreement and will order the Clerk of the Court to UNSEAL the Confidential General Release and Settlement Agreement pursuant to this Opinion and Order.

SO ORDERED this 6th day of July, 2017.

 s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record